UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| GEORGE JOSEPH RAUDENBUSH III, | ) | |
| | ) | |
| Plaintiff, | ) | 2:14-CV-00295-JRG |
| | ) | |
| vs. | ) | |
| | ) | |
| SHARON C TAYLOR, WARDEN *et . al* | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff has filed a Motion and an Amended Motion to for leave to Amend Complaint [Doc. 56, 59] to add a new defendant, Sgt. Sherrie Douthitt and additional factual allegations. Defendants have opposed this request [Doc. 65]. The matter is before the Court pursuant to 28 U.S.C. § 636 and the Standing Orders of the District Court for a Report and Recommendation. The matter is now ripe for resolution.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and Tennessee State law. Plaintiff, who filed this Complaint on September 25, 2014, alleges that he was "repeatedly, brutally and savagely, beaten and injured … over three days as a consequence of the Defendants abject failure to protect [him] and … was subjected to … deliberate indifference to [his] medical needs." [Doc. 9, *Amended Complaint*, pg. 1].

Plaintiff now seeks to add another defendant, Sgt. Sherrie Douthitt, who, Plaintiff alleges, because of her "position as Grievance Coordinator/Grievance Chairperson is crucial to prison inmates' requirement that exhaustion of remedies be completed through all three stages as required by the *Prison Litigation Reform Act* (PLRA), 42 U.S.C. § 1997e." [Doc. 60, pg. 2]. He

claims that Sgt. Douthitt "did not give meaningful review to Plaintiff's grievances and denied them as a matter of course with a pre-signed form." *Id.*

Specifically, Plaintiff seeks to add the following allegations regarding Sgt. Douthitt in the Second Amended Complaint:

> 41. Plaintiff attempted to exhaust his administrative remedies by filing grievances pertaining to the assaults. Plaintiff avers that those grievances were not processed as required by policy and TDOC did not keep proper records of the filed grievances and responses as required by TDOC policy and procedures. Evidence will show that TDOC officials at Northeast Correctional Complex (NECX) routinely ignore TDOC policy and procedures; do not follow record keeping requirements; and summarily deny grievances without meaningful review thus prohibiting Plaintiff, and other inmates similarly situated, from having redress of grievances.
>
> 42. Plaintiff avers that TDOC Grievance Coordinator, Sgt. Sherrie Douthitt, willfully ignored policy and summarily marked grievances as "Inappropriate" without meaningful review. TDOC Grievance Procedure [Policy #501.01 VI. (H)(1)] states that if a grievance is being returned to an inmate marked: "Disciplinary matters are inappropriate to the Grievance Procedure" then the chairperson "shall cite the incident number associated with the disciplinary report. This is required to put the inmate on notice as to which disciplinary report is being referred to and why the grievance is "Inappropriate."
>
> Sgt. Douthitt failed to list a disciplinary report number on any Inappropriate Grievance response. Therefore, frustrating Plaintiff's ability to file an appeal pursuant to Policy #502.01 and violating Plaintiff's due process rights.
>
> 43. Sgt. Douthitt violated Plaintiff's First Amendment Right to petition for redress of grievance and violated Plaintiff's Fourteenth Amended right to due process by summarily denying Plaintiff's grievances as "Inappropriate" on a pre-signed "rubber stamped" form. Plaintiff avers, and evidence will show, that the Inappropriate Grievance Forms were pre-signed by Sgt. Douthitt and filled out at a late date. Plaintiff contends that Sgt. Douthitt did not give meaningful review to the grievances, if she reviewed them at all. The pre-signed forms with Sgt. Douthitt's identical, photocopied signature amounts to a "rubber stamp" denial of

> grievances and violated Plaintiff's civil rights, as well as, violated
> the civil rights of other inmates similarly situated.

[Doc. 59-1, pg. 16-17].

Defendants object to the Court granting leave for Plaintiff to add this new party and additional counts. They argue that the incidents allegedly occurred in September 2013; the Complaint was not filed until September 25, 2014. With a one year statute of limitations for actions arising under 42 U.S.C. § 1983, Defendants insist that "[a]ny such amendment is now barred by law, would be unfairly prejudicial to the proposed newly added Defendant, and would require significant adjustment of all deadlines in the Scheduling Order…." [Doc. 65, pg. 3].

Fed.R.Civ.P. 15(a)(2) allows a party to amend its complaint after a responsive pleading has been filed, with written consent of the opposing party or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Rule 15 states that leave "shall be freely given" when the underlying facts would support a claim, grounds for denying a motion for leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies by amendments previously allowed, lack of notice to the opposing party, prejudice to the opposing party, and futility of the amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). Proper grounds to deny a motion to amend exist if the amendment would be futile. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir.2000). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505 (6th Cir.2010) (citation and internal quotations omitted).

The nature of these new allegations relate specifically to Sgt. Douthitt's conduct in processing Plaintiff's grievances as they pertain to the assaults, which occurred in September 2013. Plaintiff alleges in his affidavit [Doc. 49-1] that he filed a TDOC grievance on September

20, 2013 "for being assaulted by a violent inmate." The latest grievance he filed was on October 30, 2013, in which he requested medical treatment. *Id.*

The statute of limitations for § 1983 actions is one year. *Berndt v. State of Tennessee,* 796 F.2d 879 (6th Cir. 1986). The latest date for Plaintiff to have raised a complaint concerning the handling of his grievances would have been October 30, 2014. It is now 2016. Plaintiff has not raised any allegations that would equitably toll the running of the statute of limitations in this case. Thus, for this amendment not to be futile, it would have to relate back to the original filing.

When adding a new party, as Plaintiff seeks to do in this instance, Fed.R.Civ.P. 15(c) permits the amended pleading to relate back in certain circumstances to the date of the original pleading, thus avoiding the statute of limitations bar. For such an amendment to relate back it must arise out of the same conduct set out in the original pleading, and within the period provided for serving the summons and complaint, the new party either received "such notice of the action that it will not be prejudiced in defending on the merits … and … knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed.R.CivP. 15(c).

In considering that issue, the Court finds that the amendment does not relate back. First, while it is arguable the factual allegations do not relate to the same conduct complained of in the original complaint, as they relate not to the assault and the medical treatment he received, but to the processing of his grievances, even assuming that, the balance of Rule 15 is not satisfied. The original and first amended complaint do not allege anything about the way in which any of his grievances were handled so Sgt. Douthitt could not have been on notice that the complaint related to her. If he had raised those allegations, then it could be said that Sgt. Douthitt would be on notice of the action but for a mistake concerning her identity. But this is not a situation where

Plaintiff named a "John Doe" Defendant because he did not know the name of Sgt. Douthitt. He did not allege any facts supporting this new cause of action. Accordingly, the Court finds the amendment futile.

Furthermore, in addition to the futility of the amendment, the Court also finds sufficient grounds to deny the amendment for Plaintiff's undue delay, dilatory motive, and failure to cure deficiencies by amendments. *Brumbalough*, 427 F.3d at 1001. Plaintiff amended his complaint on December 10, 2014. He was put on notice about this being an issue when Defendant moved to dismiss his complaint on January 29, 2015 [Doc. 20] for failure to exhaust his administrative remedies.

At this point, this case is almost three years from the incident and almost two years from the date the original complaint was filed. The Scheduling Order has established August 9, 2016 as the Discovery cutoff. While the Scheduling Order provided that any motions to add new parties be filed by April 12, 2016, (Plaintiff waited until April 12th to file this motion), considering the procedural history of this case and the futility of the amendment, the Court does not recommend the motion be granted. Further, not granting the amendment will not affect Plaintiff's ability to prosecute this action going forward. Defendant has withdrawn as grounds for his motion to dismiss Plaintiff's failure to exhaust his administrative remedies.

Accordingly, the undersigned RECOMMENDS that the Motion to Amend [Doc. 56, 59] be DENIED.[1]

SO ORDERED:

s/ Clifton L. Corker<br>
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).