**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 17-6068

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 12, 2018
DEBORAH S. HUNT, Clerk

GEORGE J. RAUDENBUSH, III, )
 )
    Plaintiff-Appellant, )
 )
v. ) ON APPEAL FROM THE UNITED
 ) STATES DISTRICT COURT FOR
RANDY LEE, Warden, et al., ) THE EASTERN DISTRICT OF
 ) TENNESSEE
    Defendants-Appellees. )
 )
 )

O R D E R

Before: BATCHELDER, ROGERS, and GRIFFIN, Circuit Judges.

    George J. Raudenbush, III, a former Tennessee prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983 and Tennessee law. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

    Raudenbush filed an amended complaint, through counsel, against Warden Sharon C. Taylor;[1] Unit Managers Kevin Hampton and Harold Angel; Correctional Officers Misty Hardin, Chance, and Lewis; Captain Randy Lee; Lieutenant Jesse Gregg; Dr. Clement Bernard; Centurion Managed Care; Centene Corporation; and MHM Services. Raudenbush asserted that, during his incarceration in the Tennessee Department of Correction, he was classified as a minimum security inmate and "placed in the Annex division, the portion of the prison where

---

[1] The defendants filed a suggestion of death stating that Taylor passed away on February 26, 2016.

minimum security inmates are held." After an incident involving Hardin on September 20, 2013, Raudenbush was placed "into the compound, an area of the correctional complex having the highest assault rates." After being reclassified to the compound, Raudenbush's cellmate, inmate Christian, threatened and assaulted him and stole his personal property. Raudenbush reported Christian's conduct and requested to be moved out of the compound, but no action was taken. On September 24, 2013, Raudenbush was assaulted by inmate House and another inmate. Raudenbush reported the attack to Lewis and Gregg but neither addressed the situation or moved him out of the compound. On September 25, 2013, House "violently assault[ed]" Raudenbush, and despite his pleas for help, no correctional officers came to Raudenbush's aid. Raudenbush was escorted to the infirmary but did not receive any medical treatment. He was returned to the Annex on September 27, 2013.

Raudenbush asserted claims under federal law for failure to protect and deliberate indifference to his medical needs, and claims under state law for negligence and gross negligence, outrage or outrageous conduct, intentional infliction of emotional distress, assault, and battery. He sought monetary relief.

Bernard, Centurion, Centene, and MHM filed motions to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), which Raudenbush did not oppose. The district court granted the motions and dismissed Raudenbush's amended complaint against those four defendants. Raudenbush's motion for reconsideration was denied. The remaining defendants filed a motion to dismiss the complaint under Rule 12(b), which Raudenbush opposed. The district court partially granted and partially denied the motion to dismiss. The remaining defendants filed a Federal Rule of Civil Procedure 56 motion for summary judgment, to which Raudenbush responded in opposition. The district court granted the motion for summary judgment and dismissed the case. Raudenbush filed a timely appeal. He is now proceeding pro se.

We review de novo the "district court's grant of summary judgment." *Watson v. Cartee*, 817 F.3d 299, 302 (6th Cir.), *cert. denied*, 137 S. Ct. 570 (2016). Summary judgment is proper

when the evidence presented shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Raudenbush's appellate brief is inadequate to preserve appellate review of the district court's judgment dismissing his case. His appellate brief does not address the district court's reasons for dismissing his complaint or point to any errors by the district court when dismissing his complaint. "Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal." *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998). Furthermore, the "failure to raise an argument in [an] appellate brief constitutes a waiver of the argument on appeal." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005); *see also Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007).

Although pro se pleadings are generally liberally construed, this liberal construction is not without limit. *See Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012). Pro se litigants must attempt to develop arguments in order to preserve issues for appeal. *See Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 156-57 (6th Cir. 2003). Raudenbush's appellate brief does not address the claims asserted in his complaint and dismissed by the district court. It is not this court's responsibility "to identify and address the arguments that [Raudenbush] could have made but did not." *Geboy*, 489 F.3d at 767. Thus, Raudenbush has abandoned his appeal of the district court's judgment dismissing his case.

Raudenbush argues that his attorneys were ineffective when litigating his case. He also argues that attorney Keith Edmiston "was suspended from practice due to a bipolar condition" and that attorney Kimberly Cambron is not licensed to practice law in Tennessee. But "there is no constitutional or statutory right to effective assistance of counsel in a civil case." *Keenan v. Parker*, 23 F. App'x 386, 386 (6th Cir. 2001). "Thus, litigants in a civil proceeding may not attack an adverse judgment on the grounds of ineffective assistance of trial counsel." *Id.* at 387. Rather, the proper recourse is a malpractice action against counsel. *Id.*

Raudenbush also argues that the district court erroneously "applied Prison Litigation Reform Act (PLRA Rules) to [him] when [he] was in fact, not incarcerated during or after the filing of [his] federal complaint." But the district court did not apply the provisions of the PLRA

to Raudenbush's case.  Instead, the district court granted the defendants' motions to dismiss filed under Rule 12(b) and for summary judgment filed under Rule 56.  While one of the defendants' motions to dismiss was based in part on the PLRA's exhaustion-of-administrative-remedies provision, the defendants later withdrew that portion of their motion to dismiss, and the district court did not consider exhaustion when ruling on the motion.

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk